**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **RUDY DUARTE** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 5:20-cv-00045 |
| § | |
| **WELLS FARGO BANK N.A.,** § | |
| § | |
| Defendant. § | |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 Defendant Wells Fargo Bank N.A., ("Defendant" or "Wells Fargo") hereby removes this action from the 166th Judicial District, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division and as grounds for removal, states the following:

### I.   STATE COURT ACTION

1. On January 6, 2020, Plaintiff Rudy Duarte ("Plaintiff") filed Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Complaint") in the 166th Judicial District Court of Bexar County, Texas in an action styled *Rudy Duarte v. Wells Fargo Bank N.A.*, case number 2020-CI-00211 (the "State Court Action").

2. In the State Court Action, Plaintiff seeks to preclude the foreclosure of the real property located at 8911 Audubon Park, Converse Texas 78109 (the "Property"). *See* Compl. ¶¶ 28, 40. Plaintiff alleges Defendant has not provided evidence that it is the current holder of the note and mislead Plaintiff to believe he could obtain another loan modification. *See generally* Compl. Based on these allegations, Plaintiff asserts the following causes of action against Defendant: (1) violating the Texas Property Code; (2) violating the Texas Business & Commerce Code; (3) violating the Texas Finance Code; (4) fraud: (5) breach of contract; and (6) violating

RESPA and Regulation X. Plaintiff seeks injunctive relief, economic damages, punitive damages, exemplary damages, fees and costs.

3. Defendant removes the State Court Action to this Court on the basis of diversity and federal question jurisdiction as fully describe herein.

## II. PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§124(d)(4), 1441, 1446(a).

5. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| Exhibit A | Civil Cover Sheet; |
| Exhibit B | Supplemental Coversheet; |
| Exhibit C | State Court Docket Sheet and State Court File; and |
| Exhibit D | Bexar County Appraisal District's valuation for the Property. |

6. Pursuant to 28 U.S.C. § 1446(d), simultaneously with the filing of this Notice of Removal, Defendant is serving Plaintiff with a copy of the Notice of Removal, and filing a copy of the Notice of Removal in the 166th Judicial District of Bexar County, Texas.

7. This removal is timely because Defendant was served with citation via its registered agent on January 8, 2020. 28 U.S.C § 1446.

## III. FEDERAL QUESTION JURISDICTION

8. The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws and treaties of the United States. *See* 28 U.S. C § 1331. A case may be removed to federal court from state court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). A claim "arises under federal law when either the well-pleaded complaint establishes a

federal law creates plaintiff's cause of action, or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Singh v. Morris*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Franchise Tax. Bd. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)); *see also Empire HealthChoice Assur., Inc. v McVeigh*, 547 U.S. 677, 690 (2006).

9. Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441 because Plaintiff asserts causes of action which arises under federal law. Specifically, Plaintiff alleges violation of the Real Estate Settlement Procedures Act ("RESPA") which is a federal statute. *See* Compl. at ¶¶ 35-36. RESPA specifically grant this Court original jurisdiction over claims arises under RESPA. See 12 U.S.C § 2614 (any RESPA action "may be brought in any United States district court . . . ").

10. Accordingly, because Plaintiff's right of relief depends on the resolution of federal law, the Court has federal question jurisdiction over Plaintiff's RESPA claim.

### IV.   SUPPLEMENTAL JURISDICTION

11. This Court also has jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a). "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. v. Yates* 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the court but form part of the same Article II 'case or controversy'").

12. To determine whether the claims arise under the same case or controversy, the court will look at whether the state law claims share the "same nucleus of operative fact" as the federal claims. *Jamal v. Travelers Lloyd of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000)

(quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1977)). This principle applies to case brought both originally in federal court, and cases removed to federal court from state court. *Id* at 806. Here, Plaintiff's state law claims share the same nucleus of operative fact as the RESPA claim. Each of Plaintiff's claims are based on conduct resulting in the foreclosure of the Property and Defendant's alleged failure to verify it is the current holder of the note. *See generally* Compl. Therefore, supplemental jurisdiction exists of Plaintiff's state law claims, and removal is proper.

## V.  DIVERSITY JURISDICTION

13.  Defendant also removes the State Court Action to this Court on the basis of diversity jurisdiction. Where there is complete diversity among parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because the Plaintiff and Defendant are not citizens of the same state, and the amount in controversy exceeds $75,000.

### A.  COMPLETE DIVERSITY EXISTS

14.  Plaintiff is a natural person, so his citizenship for diversity purposes is where he is domiciled, that is, where a person has a fixed residence with the intent to remain there indefinitely. *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). For the purpose of diversity jurisdiction, Plaintiff is domiciled in Bexar County, Texas. *See* Compl. ¶ 2.

15.  Wells Fargo is a national banking association pursuant to federal law.  A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its Articles of Association, is located." *Wachovia Bank, N.A., v. Schmidt*, 546 U.S. 303, 307 (2006). Under its articles of association, Wells Fargo's main office is located in South Dakota. Therefore,

Wells Fargo Bank N.A. is a citizen of South Dakota for diversity purposes. 28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 307.

16. Because Plaintiff are a citizen of Texas and Defendant is not, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

### B. THE AMOUNT IN CONTROVERSY IS SATISFIED.

17. The amount-in-controversy is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not the amount of the claim will exceed [the jurisdictional minimum]."). The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show the amount in controversy more likely than not exceeds $75,000. *E.g., Manguno v. Prudential Prop & Cas. Ins*. Co., 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg,* 134 F.3d at 1253. To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorney fees. *White*, 319 F.3d at 675-76.

18. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Advere. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing,* 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). The *Farkas* court held "[i]n actions enjoining a lender form transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id*. When the right to the entirety of the property is called in to question "the value of the property

controls the amount in controversy." *Nationstar Mortgage LLC v. Knox*, No. 08-60887, 31 Fed. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.*, 541 Fed. App'x. 340, 342 n.2, (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

19. Plaintiff seeks a declaratory judgment permanently precluding Defendant from foreclosing on the Property. *See* Compl. ¶ 40. Because the Plaintiff seeks to permanently enjoin Defendant from exercising its right to foreclose on the Property, the amount in controversy is determined by the value of the property. *See Knox*, 351 Fed. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A.* 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using the current market value from the Dallas Central Appraisal District to calculate the amount in controversy where the plaintiff sought to preclude foreclosure) (citing *Copeland*, 485 App'x at 9 ("[T]he amount in controversy exceeds $75,000 due to the value of the subject property . . .")). According to the Bexar Central Appraisal District, the current fair market value of the Property is $229,470.[1] Therefore, the value of the property alone satisfies the amount in controversy.

20. Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

---

[1] Attached as Exhibit D is a true and correct copy of the Bexar County Central Appraisal District tax assessed market valuation of the Property. Pursuant to Federal Rule of Evidence 201, Defendant requests the Court take judicial notice of Exhibit D. The tax assessed value is not meant to show the true fair market value of the property, but rather to establish that the property value likely exceeds $75,000.

## VI.  PRAYER

WHEREFORE, Defendant removes this action from the 166th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**Locke Lord, LLP**

/s/ *B. David L. Foster*
**B. David L. Foster**
  State Bar No. 24031555
  dfoster@lockelord.com
100 Congress Ave., Suite 300
Austin, Texas  78701
(512) 305-4700
(512) 305-4800 (facsimile)
**Robert T. Mowrey**
  State Bar No. 14607500
  rmowrey@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: 214.740.8000
Facsimile: 214.740.8800

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was served upon the following *via Certified Mail, Return Receipt Requested* pursuant to the Federal Rules of Civil Procedure on this the 14th day of January 2020:

Rudy Duarte
8911 Audubon Park
Converse, Texas 78109
T: (210) 722-5878
Drudy5855@gmail.com

                                              */s/ B. David L. Foster*
                                              B. David L. Foster
                                              Counsel for Defendant